IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSÉ MORENO,<br><br>    Petitioner,<br><br>  v.<br><br>JIM ROBINSON,<br><br>    Respondent. | No. 2:21-CV-1757-KMJ-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a former state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is Respondent's motion to dismiss, ECF No. 12. In his motion to dismiss, Respondent argues the petition must be dismissed with prejudice as untimely. Respondent's motion is supported by the state court record, which has been lodged at ECF No. 13. For the reasons discussed below, the Court agrees that the petition is untimely.

///
///
///
///
///
///

1

# I. BACKGROUND[1]

## A. <u>Conviction and Direct Review</u>

On December 3, 2012, in case number 10F06494, Petitioner was convicted after a jury trial of eleven counts of first-degree burglary, three counts of unauthorized computer access, three counts of wiretapping, two counts of stalking, and two counts of misdemeanor possession of stolen property. Petitioner was sentenced to nineteen years and four months in prison. Petitioner filed an appeal in the California Court of Appeal for the Third District which affirmed Petitioner's conviction and sentence on December 3, 2014. On January 9, 2015, Petitioner filed a petition for review with the California Supreme Court, which was denied on February 25, 2015. On October 30, 2019, the judgment was amended by the Court of Appeal to award Petitioner additional credits.

Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

## B. <u>State Court Post-Conviction Proceedings</u>

Petitioner filed several state court post-conviction actions. In total, Petitioner filed the following fourteen post-conviction actions relating to the December 3, 2012, conviction.

| | | |
|---|---|---|
| <u>First Action</u> | Sacramento County Superior Court. | |
| | Filed January 9, 2014. | |
| | Denied April 24, 2014. | |
| <u>Second Action</u> | California Court of Appeal. | |
| | Filed August 27, 2014. | |
| | Denied September 18, 2014. | |
| <u>Third Action</u> | California Supreme Court. | |
| | Filed October 28, 2014. | |
| | Denied February 25, 2015. | |
| <u>Fourth Action</u> | Sacramento County Superior Court. | |
| | Filed May 21, 2018. | |
| | Denied June 11, 2018. | |
| <u>Fifth Action</u> | Sacramento County Superior Court. | |
| | Filed June 21, 2018. | |
| | Denied July 2, 2018. | |

---

[1] The Court's summary of state court proceedings is derived from the state court record lodged at ECF No. 13.

|   |   |   |
|---|---|---|
| Sixth Action | California Court of Appeal.<br>Filed July 16, 2018.<br>Denied October 30, 2019. | |
| Seventh Action | Sacramento County Superior Court.<br>Filed October 24, 2018.<br>Denied November 30, 2018. | |
| Eighth Action | California Court of Appeal.<br>Filed February 14, 2019.<br>Denied February 28, 2019. | |
| Ninth Action | Sacramento County Superior Court.<br>Filed March 9, 2020.<br>Denied June 23, 2020. | |
| Tenth Action | California Court of Appeal.<br>Filed July 7, 2020.<br>Denied July 31, 2020. | |
| Eleventh Action | California Court of Appeal.<br>Filed July 27, 2020.<br>Denied August 14, 2020. | |
| Twelfth Action | Sacramento County Superior Court.<br>Filed November 3, 2020.<br>Denied January 4, 2021. | |
| Thirteenth Action | California Court of Appeal.<br>Filed January 19, 2021.<br>Denied February 17, 2021. | |
| Fourteenth Action | California Supreme Court.<br>Filed February 25, 2021.<br>Denied May 26, 2021. | |

**C.   Federal Habeas Review**

Petitioner filed the instant federal petition on September 27, 2021. See ECF No. 1.

## II. DISCUSSION

In his motion to dismiss, Respondent argues: (1) the limitations period started to run on December 10, 2019; (2) Petitioner is not entitled to statutory tolling for the time the first through eighth state court post-conviction actions were pending; (3) the limitations period expired before the ninth state court post-conviction action was filed; (4) Petitioner is not entitled to any tolling for the time the ninth state court post-conviction action was pending; (5) Petitioner is not entitled to any tolling for the time between the denial of the ninth state court action and through

3

conclusion of all other state court post-conviction actions; and (6) the limitations period ended on March 26, 2021.  See ECF No. 12.

### A. **The Limitations Period Begins**

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).  Where, as here, no petition for review by the California Supreme Court is filed challenging the final decision of the appellate court, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002); see also California Rules of Court 8.366 and 8.500.

In his motion to dismiss, Respondent calculates commencement of the limitations period based on the latest possible date – the date the California Court of Appeal amended its final judgment on October 30, 2019.  Petitioner did not seek any further direct review of this amended judgment.  Based on this date, Respondent correctly argues that, pursuant to 28 U.S.C. § 2244(d)(1) and California Rules of Court, Rules 8.366 and 8.500, the state appellate court judgment became final 40 days later on December 9, 2019.  Thus, the one-year limitations period for filing a federal habeas petition began to run the day after that – December 10, 2019.  Cf. Wixom, 264 F.3d, 897.

### B. **Statutory Tolling**

The limitations period is tolled for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo,

4

544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold, 536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

    1.  First Through Eighth State Court Actions

With respect to statutory tolling, Respondent argues that the first through eighth state court post-conviction actions had no tolling effect because they all concluded prior to commencement of the limitations period. The Court agrees. As outlined above, direct review concluded in December 2019. The first though eighth state court post-conviction actions, the last of which was resolved in February 2019, have no effect on the one-year limitations period.

///

### 2.    Ninth State Court Action

Respondent next argues that the limitations period ran between the time the conviction became final and the time the ninth state court post-conviction action was filed. Again, the Court agrees. See Nino, 1983 F.3d at 1006-07, see also Lawrence v. Florida, 549 U.S. 327, 330 (2007). Respondent concedes for the purposes of his motion that the ninth state court action was properly filed, and that Petitioner is entitled to statutory tolling for the time it was pending – March 9, 2020, through June 23, 2020 – a total of 107 days.

### 3.    Remaining State Court Actions

Respondent argues that Petitioner's remaining state court actions for post-conviction relief have no tolling effect for a variety of reasons with which the Court agrees. Petitioner's tenth and eleventh actions were both appeals from non-appealable orders and were, as Respondent notes, not "properly filed application[s] for State post-conviction or other collateral review" for purposes of statutory tolling. The remaining actions were denied by the state court as time-barred. See ECF No. 12, pg. 7 (Respondent's brief noting state citations to timeliness rules of In re Robbins, 18 Cal.4th 770, 780 (1998), and In re Clark, 5 Cal.4th 750, 767-69 (1993)); see also ECF No. 13.

## C.    **The Limitations Period Expires**

As discussed above, the one-year limitations period commenced on December 10, 2019. Time ran from this date until the filing of Petitioner's ninth state court action on March 9, 2020. The limitations period was then tolled for 107 days to June 23, 2020, which is when the ninth petition was denied and no longer pending. The remaining state court actions were untimely, as determined by the state court, and were never properly filed. Considering the portion of the limitations period that elapsed after the conviction became final and the ninth action was filed, as well as the 107 days the limitations period was tolled while the ninth action was pending, the one-year limitations period expired in March 2021. The current federal habeas petition, which was filed in September 2021, is untimely and must be dismissed.

///

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Respondent's motion to dismiss, ECF No. 12, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 29, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7