UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MORENO,<br><br>                    Petitioner,<br><br>      v.<br><br>JIM ROBINSON,<br><br>                    Respondent. | No. 2:21-cv-01757-DAD-DMC (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING RESPONDENT'S MOTION TO DISMISS HABEAS PETITION WITH PREJUDICE AS UNTIMELY<br><br>(Doc. Nos. 12, 13) |

Petitioner Jose Moreno proceeds *pro se* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 1, 2022, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss with prejudice (Doc. No. 12) be granted (Doc. No. 21.) Those findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days from the date of service. (*Id*. at 4.) On August 8, 2022, petitioner filed timely objections to the pending findings and recommendations.[1] (Doc. No. 22.) Respondent filed no response to those objections.

---

[1] On August 25, 2022, this case was reassigned to the undersigned district judge. (Doc. No. 23.)

1

In his objections to the pending findings and recommendations petitioner focuses solely upon his argument that his untimely petition qualifies under the miscarriage of justice exception to untimeliness. (Doc. No. 22 at 1–18.)[2]

The Supreme Court has recognized that exception to be applicable where a petitioner is able to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). More specifically, the court has held that the "actual innocence" exception applies to the AEDPA's statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 393-98 (2013); *see also Lee v. Lampert*, 653 F.3d 929, 932 (9th Cir.2011) ("We hold that a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the *Schlup* gateway and have his otherwise time-barred claims heard on the merits.") (en banc). Thus, a federal habeas petitioner can rely upon a claim of actual innocence to avoid a procedural bar, such as the statute of limitations, if "he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386 (quoting *Schlup*, 513 U.S. at 329 and citing *House v. Bell*, 547 U.S. 518, 538 (2006)). To obtain habeas relief, evidence of innocence must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. The holding in *Schlup* additionally requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Lee*, 653 F.3d at 937–38. In light of the "extremely rare" and "narrow class of cases" in which an actual innocence claim will measure up under these exacting standards, the Ninth Circuit has recognized that an equitable exception to the AEDPA statute of limitations allows such claims to be

---

[2] Although the actual innocence exception to the AEDPA's statute of limitations was not the primary basis upon which petitioner originally opposed respondent's motion to dismiss, he did argue that the actual innocence exception applies here in his opposition to the motion. (Doc. Nos. 15 at 5–8; 20 at 2–15.) It appears that the pending findings and recommendations do not address this argument advanced by petitioner. (*See* Doc. No. 21.) Accordingly, in this order the undersigned will address petitioner's argument in this regard.

considered, observing:

> Given that the exception is confined to these extraordinary cases, there is little danger of it swallowing the rule. The exacting requirements we have imposed for the application of equitable tolling remain intact and are not in conflict with an actual innocence exception.

*Lee*, 653 F.3d at 937. Finally, as to whether a claim falls within the actual innocence exception the Ninth Circuit has stated as follows:

> "In this circuit, a claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in *Bousley v. United States*, 523 U.S. 614[, 623], 118 S. Ct. 1604, 140 L.Ed.2d 828 (1998): 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Stephens*, 464 F.3d at 898. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623, 118 S. Ct. 1604.

*Muth v. Foreman*, 676 F.3d 815, 819 (9th Cir. 2012); *see also Sawyer v. Whitley*, 505 U.S. 333, 340 (1992) ("A prototypical example of 'actual innocence' in a colloquial sense is the case where the State has convicted the wrong person of the crime."); *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000) ("Mr. Beavers does not claim that he is innocent of killing Raymond Matthews. Rather, he claims that he is not guilty of first degree murder because he was intoxicated and acted in self defense. However, these arguments go to legal innocence, as opposed to factual innocence."); *Verhulst v. Braham*, No. 1:22-cv-563, 2022 WL 2589908, at *4 (W.D. Mich. July 8, 2022) ("But claiming 'insanity' is a 'legal defense,' [citations omitted] not a factual one. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).")

Here, petitioner argues that the jury at his trial in state court was not properly instructed as to the elements of wiretapping in violation of California Penal Code § 631(a). (Doc. No. 22 at 5, 8–10, 12.) According to petitioner, this resulted in his conviction on those counts which was a "miscarriage of justice" because his conduct was not prohibited by state law as correctly interpreted and no properly instructed jury would have found him guilty beyond a reasonable

/////

/////

3

doubt. (*Id.* at 6, 10–11.) Petitioner contends that he has presented a meritorious claim that his wiretap convictions resulted from a denial of due process. (*Id.* at 11–14.)[3]

The court finds petitioner's arguments in this regard to be unpersuasive. Here, petitioner concedes that "there is no dispute whatsoever over the facts relating to [his] wiretapping convictions" and that he "does not dispute the facts that were submitted as evidence to support such convictions." (Doc. No. 1 at 30.) Petitioner presents no new evidence in support of his claim, which he characterizes as one of "actual innocence." Instead, petitioner merely argues that the jury at his trial in state court was improperly instructed on the elements of wiretapping in violation of California Penal Code § 631(a) and that if properly instructed no reasonable jury could have convicted him of the wiretapping counts.[4] This is not a claim of factual innocence which qualifies to pass through the *Schlup* gateway so that petitioner's otherwise time-barred claim may be heard on the merits because it invokes a purported legal defense, not factual innocence.[5]

The court observes that petitioner's focus in arguing that he has stated a cognizable due process violation claim is misplaced. The question before this court in ruling upon the pending

---

[3] Petitioner also argues that his wiretap convictions stemmed from the ineffective assistance of his trial counsel. (Doc. No. 22 at 14–17.) However, petitioner advances no argument that this untimely ineffective assistance claim somehow falls within the "actual innocence" exception to the AEDPA's statute of limitations, nor does he provide any legal authority that would support any such argument.

[4] The court notes that the California Court of Appeal for the Third Appellate District concluded on direct appeal that the evidence introduced against petitioner at his trial was sufficient to support his convictions for wiretapping in violation of California Penal Code § 631(a). *People v. Moreno*, No. C072902, 2014 WL 6809702, at *3–4 (Cal. Ct. App. Dec. 3, 2014), *review denied* (Feb. 25, 2015).

[5] The undersigned also notes that petitioner advanced this same argument challenging his state wiretapping conviction in his prior habeas petition filed in this court, 2:15-cv-0704 TLN CKD P, before his criminal judgment was amended in 2019. In that prior habeas action the assigned magistrate judge found that petitioner had failed to establish cause and prejudice that would excuse his procedural default as to that claim, and had not shown that the failure to consider such claim would result in a fundamental miscarriage of justice. *Moreno v. Valenzuela*, No. 2: 15-cv-0704-TLN-CKD-P, 2017 WL 1534276, at *7–8 (E.D. Cal. Apr. 28, 2017). The magistrate judge determined that petitioner's claims were barred on collateral review and the assigned district judge adopted those findings and recommendation in full. (*Id.*)

motion to dismiss is not whether petitioner has stated a cognizable claim for habeas relief. Rather, the question is whether the claim or claims brought by petitioner in this case, which are otherwise barred by the applicable statute of limitations, should nonetheless be considered on their merits because his case qualifies as one of the "extremely rare" and "narrow class of cases" in which the *Schlup* gateway or escape hatch applies.  The court has concluded that the answer to that question is "no."[6]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. In addition, the court concludes that petitioner's argument that his petition qualifies under miscarriage of justice exception to the AEDPA statute of limitations must be rejected. Accordingly, respondent's motion to dismiss the pending petition with prejudice as untimely will be granted.

Additionally, the court declines to issue a certificate of appealability. A petitioner seeking writ of habeas corpus has no absolute right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).  The court will issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, reasonable jurists would not find the court's decision to dismiss the petition to be debatable or conclude that the petition should proceed further.  Thus, the court declines to issue a certificate of appealability.

---

[6] Petitioner places considerable emphasis upon the decision in *Fiore v. White*, 531 U.S. 225 (2001).  However, in that case the Supreme Court did not have before it any question regarding the applicability of the miscarriage of justice exception to the AEDPA statute of limitations. Accordingly, that decision has no relevance to resolution of the pending motion to dismiss.

Accordingly,

1. The recommendation set forth in the findings and recommendations filed on August 1, 2022 (Doc. No. 21) is adopted in full;
2. Respondent's motion to dismiss the petition with prejudice (Doc. No. 12) is granted;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 1, 2023**            /s/ Dale A. Drozd
                                      UNITED STATES DISTRICT JUDGE